# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **NANINE BOONE**, <br><br> Plaintiff, <br><br> v. <br><br> **CLARK FOODS, INC., IHOP 36-144, SUNSHINE PARTNERS, and IHOP CORPORATION**, <br><br> Defendants. | Civil Action No. 7:16-CV-160 (HL) |

## ORDER

Plaintiff Nanine Boon filed this pro se action against Defendants Clark Foods, Inc., IHOP 36-144[1], Sunshine Partners, and IHOP Corporation, alleging that during her employment as a server at an IHOP restaurant located at 181 West Hill Avenue in Valdosta, Georgia she was discriminated against on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 20 U.S.C. § 621, et seq. Defendants Sunshine Restaurant Partners,

---

[1] "IHOP 36-144" is not a separate company or entity but rather is an internal numerical reference number assigned to the particular restaurant where Plaintiff worked. (Doc. 22-3, ¶ 11). Georgia law recognizes three classes as legal entities: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert Cty., 258 Ga. 317, 318 (1988) (quotation omitted). Because "IHOP 36-144" does not appear to fit into any one of these prescribed categories, this Defendant is accordingly **DISMISSED**.

LLP ("Sunshine Partners") and International House of Pancakes, LLC ("IHOP")[2] now move for summary judgment, arguing that they never employed Plaintiff and were not involved either in her discharge or in any of the events that form the basis for her ADEA claims. After reviewing the pleadings, briefs, affidavits, and other evidentiary materials presented, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 22).

## I. SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). A fact is material if it

---

[2] Plaintiff named these Defendants as Sunshine Partners and IHOP Corporation. In responding to Plaintiff's Complaint, Defendants have provided their proper legal names.

is relevant or necessary to the outcome of the case. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249–50.

## II. FACTUAL BACKGROUND

Plaintiff Nanine Boon began working as a server at the IHOP restaurant located at 181 West Hill Avenue in Valdosta, Georgia on July 5, 2000. (Doc. 1-1, p. 1; Doc. 1-3, p. 2). Plaintiff worked without incident until January 2009, when Defendant Clark Foods, Inc. ("Clark Foods") hired Jessica Pitts to manage the IHOP store where Plaintiff was employed. (Doc. 1-2, p. 1). Plaintiff alleges that Pitts "engaged in willful and knowledgeable age discrimination" by:

    a.    making comments to Plaintiff that Plaintiff was at an age to retire;
    b.    asking Plaintiff specifically if Plaintiff was OK, if Plaintiff was able to work Plaintiff's station;
    c.    making comments to Plaintiff regarding Plaintiff being 'slow' and unable to perform needed server duties, such as carrying racks of glasses;
    d.    assigning server small, low-income stations, despite Plaintiff's protest;
    e.    cutting Plaintiff's days from regular 5 to 4, despite Plaintiff's protest;
    f.    systematically, week by week, scheduling fewer hours or work for Plaintiff, despite Plaintiff's protest.

(Doc. 1-2, p. 1-2). Plaintiff further alleges that Pitts regularly made other age-related remarks, such as describing meals listed on the restaurant's senior menu as "an old people's meal" and that she singled out and treated Plaintiff differently

from her younger co-workers. (Doc. 1-2, p. 2). Pitts also never offered Plaintiff the opportunity for advancement. (Id.).

Clark Foods terminated Plaintiff on March 3, 2013 for allegedly stealing two trash bags. (Doc. 1-2, p. 1; Doc. 1-3, p. 2). Plaintiff, who was 72-years old at the time of her termination, contends that other staff members of a younger age were not terminated for similar conduct. (Doc. 1-3, p. 2). For example, Plaintiff claims that Linder Mathis, a 53-year old server, regularly provided her grandchildren and other family members "with IHOP materials, with drinks in Styrofoam cups, straws and lids to take with them" at no charge. (Doc. 1-3, p. 4). She further contends that Paige Rikard, a 26-year old server, ate for free and "often takes home or gives away to DMO's part or all of her meal," which involved the "taking of containers and eating implements." (Id.).

Plaintiff further avers that Clark Foods retaliated against her as a result of her reporting alleged age discrimination to the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-1, p. 2).[3] Plaintiff contends that Pitts in particular retaliated against her by assigning her to undesirable sections of the restaurant, changing her work schedule, and denying her "request for [a] doctor-documented

---

[3] While Plaintiff alleges that she was retaliated against for reporting alleged discrimination to the EEOC, it is evident from the documents Plaintiff submitted as a part of her Complaint that following an EEOC mediation held in 2009, David Clark, one of the owners of Clark Foods, made some representation to Plaintiff that as long as she wanted to work, a job would be available to her. (Doc. 1-3, p. 33).

4

situation." (Doc. 1-1, p. 2; Doc. 1-2, p. 1-2). Plaintiff also asserts that she fears future retaliation in the form of a negative job reference. (Doc. 1-1, p. 3).

On August 30, 2013, Plaintiff filed a timely charge of discrimination with the EEOC. (Doc. 1-3, p. 2-6). The EEOC issued Plaintiff a Notice of Suit Rights on June 2, 2016, which Plaintiff alleges she received on June 10, 2016. (Doc. 1, p. 5; Doc. 1-4, p. 2). This lawsuit followed on September 1, 2016.

## III. DISCUSSION

In her Complaint, Plaintiff identifies her direct employer as Clark Foods. (Doc. 1-1, p. 2). However, Plaintiff contends that Sunshine Foods and IHOP share liability for the discriminatory treatment she endured as an employee of Clark Foods. As Sunshine Foods and IHOP have demonstrated, though, Clark Foods, IHOP, and Sunshine Partners are three separate entities with independent ownership, management, and operations. While at the time of Plaintiff's employment with Clark Foods, Clark Foods was a licensee of Sunshine Partners and a sub-franchisee of IHOP, Clark Foods alone was responsible for all employment-related matters, including the decision to discharge Plaintiff.

Plaintiff urges the Court to deny Defendants' motion for summary judgment as premature and seeks the opportunity first to conduct discovery. But, by Plaintiff's own admission, Clark Foods was her sole employer, and neither Sunshine Partners nor IHOP was involved in any decision relating to her

5

employment discrimination claims. (See Doc. 30-2, p. 4, point 10; p. 5, point 13).[4] While discovery may result in the production of the franchising contract entered into between IHOP and Sunshine Partners and the licensing agreement between Sunshine Partners and Clark Foods, examination of those documents will not change the undisputed fact that Clark Foods was Plaintiff's sole employer as defined by the ADEA.

The ADEA provides that it shall be unlawful for an employer

> to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a)(1). Stated simply, an "employee" can only recover where she is able to prove that an "employer" discriminated against her on the basis of her age. Garcia v. Copenhaver, Bell & Assoc., M.D.'s, P.A., 104 F.3d 1256, 1263 (1997). The ADEA's definitions section defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," 29 U.S.C. § 630(b), and "employee" as "an individual employed by any employer." 29 U.S.C. § 630(f). The definitions section of the

---

[4] In her response to Defendants' statement of material facts, Plaintiff states that it is her belief not that discovery will show that Defendants were her employers but that "IHOP Corporation may have a moral, ethical and legal obligation to, at least, provide a 1-800 anonymous hotline for . . . servers." (Doc. 30-2, p. 5).

ADEA provides no further guidance regarding the scope of the term "employee." See Daughtrey v. Honeywell, Inc., 3 F.3d 1488, 1495 (11th Cir. 1993). Thus, when interpreting the ADEA's definition of "employer," courts regularly turn to Title VII cases. Garcia, 104 F.3d at 1264 (remarking that the only notable difference between the two statutes' definitions of "employer" is the number of "employees" required).

As explained by the Eleventh Circuit in Llampallas v. Mini-Circuits Lab, Inc., generally, "only individuals who receive compensation from an employer can be deemed 'employees,'" 163 F.3d 1236 (1998) (citing O'Connor v. Davis, 126 F.3d 112, 115-16 (2d Cir. 1997), cert. denied, 522 U.S. 1114 (1998)) ("Where no financial benefit is obtained by the purported employee from the employer, no plausible employment relationship of any sort can be said to exist because . . . compensation . . . is an essential condition to the existence of an employer-employee relationship."). Payment is not the sole factor, though, and courts must consider the totality of the employment relationship. See Welch v. Laney, 57 F.3d 1004, 1011 (11th Cir. 1995). The basic factors to consider are "(1) how much control the alleged employer exerted on the employee, and (2) whether the alleged employer had the power to hire, fire, or modify the terms and conditions of the employee's employment." Peppers v. Cobb Cty., Georgia, 835 F.3d 1289, 1297 (11th Cir. 2016) (citations omitted).

In order to remain consistent with the remedial nature of Title VII, the liberal construction of the term "employer" often requires courts to look "beyond the nominal independence of an entity" and to ask "whether two or more ostensibly separate entities should be treated as a single, integrated enterprise when determining whether a plaintiff's 'employer' comes within the coverage of Title VII." Id. at 1298 (quoting Lyes v. City of Riviera Beach, 166 F.3d 1332, 1341 (11th Cir. 1999) (en banc)) (internal quotation marks omitted). There are three circumstances when this sort of aggregation may be appropriate:

> First, where two ostensibly separate entities are highly integrated with respect to ownership and operations, we may count them together under Title VII. This is the "single employer" or "integrated enterprise" test. Second, where two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees, we may treat the entities as "joint employers" and aggregate them. This is the "joint employer" test. Third, where an employer delegates sufficient control of some traditional rights over employees to a third party, we may treat the third party as an agent of the employer and aggregate the two when counting employees.

Id. (internal quotation marks and citations omitted).

There is no evidence in this case that either Sunshine Partners or IHOP exercised any level of control over any employment decisions made by Clark Foods in the operation of the particular IHOP restaurant where Plaintiff worked. IHOP is a franchisor of IHOP restaurants. (Doc. 22-3, ¶ 4). IHOP provides

8

Standard Operating Procedures and training to franchisees, setting out best practices on how to operate an IHOP restaurant. (Doc. 22-4, ¶ 5). IHOP additionally contracts with a third party to conduct periodic inspections to ensure that franchisees and sub-franchisees "are in compliance with branding, advertising, menu specifications, and other contract specifications." (Id.). These inspections do not address employment related matters. (Id.).

Sunshine Partners is an IHOP franchisee that directly owns and operates 109 IHOP restaurants in Florida and South Georgia. (Doc. 22-3, ¶ 4). Sunshine Partners is also an IHOP licensee, holding the exclusive rights to develop IHOP restaurants in a particular geographic area. (Id.). Sunshine Partners conducts inspections of its licensed restaurants about one time each month "to ensure compliance with the license agreement in the areas of branding, advertising, menu specifications, sanitation and food handling." (Id. at ¶ 10). The inspections do not cover employment related matters. (Id.).

In September 2008, Sunshine Partners entered into a licensing agreement with Clark Foods. (Id. at ¶ 5). Under the agreement, Clark Foods operated two IHOP restaurants, including the one located at 181 West Hill Avenue. (Id.). The agreement between Sunshine Partners and Clark Foods provides that Clark Foods "is and shall be an independent contractor and nothing contained herein shall be construed as creating a partnership, joint venture, agency or employer/employee relationship between [Sunshine] and the Licensee." (Id.).

During the period of the licensing agreement between Clark Foods and Sunshine Partners, from September 2008 through February 2014, Clark Foods maintained exclusive responsibility for the day to day business operations of its two stores, including employee recruitment, pay rates and methods, scheduling, evaluations, supervision, promotions, discipline, and discharge. (Id. at ¶ 7). Clark Foods also managed all payroll processing and employment tax withholding, decided what, if any, additional employee benefits to offer, and paid all costs associated with unemployment benefits and workers' compensation. (Id.). Additionally, Clark Foods developed, implemented, and enforced its own employment policies and rules. (Id.).

David Clark, the owner of Clark Foods died September 12, 2013, six months following Plaintiff's termination. (Doc. 1-3, p. 19; Doc. 1-4, p. 4). The licensing agreement between Clark Foods and Sunshine Partners thereafter ended, and Sunshine Partners began operating the two restaurants previously under the control of Clark Foods. (Id. at ¶ 8). Sunshine Partners was not aware that Plaintiff worked for Clark Foods until April 2016, when the EEOC notified it as the current owner of the restaurant of Plaintiff's claims. (Id. at ¶ 9).

The only connection between Clark Foods and IHOP and Clark Foods and Sunshine Partners is as a sub-franchisee or licensee. "Courts have consistently held that the franchisor/franchisee relationship does not create an employment relationship between a franchisor and a franchisee's employees." Nasrallah v.

Chick-fil-A, 2016 WL 2753941, at 3 (N.D. Ga. Mar. 25, 2016) (quotation omitted) (dismissing Title VII case against franchisor where complaint contained no allegations that franchisor had any authority or control over the plaintiff's employment conditions); see also Beckley v. McDonald's USA, LLC, 2017 WL 508587, at *4 (M.D. Ala. Feb. 7, 2017) (granting motion to dismiss claims raised under Title VII and ADEA where the plaintiff failed to plausibly allege that a franchisor either employed the individual who discriminated against the plaintiff or in any way controlled the terms and conditions of the plaintiff's employment); Brooks v. Collis Foods, Inc., 365 F. Supp. 2d 1342, 1349-50 (N.D. Ga. 2005). There is no evidence that either IHOP or Sunshine Foods employed the individuals who purportedly discriminated against Plaintiff or that either entity was involved in or exercised any authority in the decision to terminate Plaintiff. Accordingly, neither of these Defendants can be held liable for any claims of discrimination arising out of Plaintiff's employment with Clark Foods.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Sunshine Partners and IHOP's Motion for Summary Judgment (Doc. 22).

**SO ORDERED** this 28th day of December, 2017.

> *s/ Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

aks